IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3083 |
| vs. | |
| MIKE AKEEN OBED, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 38) and filed a motion for variance (filing 40).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.  The defendant has objected to the presentence report's application of a two-level enhancement pursuant to U.S.S.G. § 2B2.1(b)(1) for an offense that "involved more than minimal planning." Filing 38. "More than minimal planning" means more planning than is typical for commission of the offense in a simple form, and exists if significant affirmative steps were taken to conceal the offense. § 2B2.1 cmt. n.4; *see United States v. Balentine*, 219 F. App'x 606, 608 (8th Cir. 2007); *see also United States v. Young*, 272 F.3d 1052, 1055 (8th Cir. 2001) (discussing U.S.S.G. § 2B1.1(b)(4)(A)).[1] "More than minimal planning" is present in any case involving repeated acts over a period of time, unless it's clear that each instance was purely opportune. § 2B2.1 cmt. n.4. "For example, checking the area to make sure no witnesses were present would not alone constitute more than minimal planning. By contrast, obtaining building

---

[1] The Eighth Circuit has regarded precedent arising under § 2B1.1(b)(4)(A), an enhancement for "more than minimal planning" of theft offenses, as applying to § 2B2.1(b)(1), which is an identical enhancement for burglary. *See Balentine*, 219 F. App'x at 608 (citing *Young*, 272 F.3d at 1055; *United States v. Culver,* 929 F.2d 389, 393 (8th Cir. 1991)).

plans to plot a particular course of entry, or disabling an alarm system, would constitute more than minimal planning." *Id*.

In this case, according to the presentence report,[2] the defendant put an "out-of-service" sign on the bathroom door outside the credit union he attempted to burglarize, locked the door, and wedged a screwdriver in the door to secure it. Then he removed a piece of the ceiling and went through the ceiling, removed a piece of the ceiling inside the credit union vault room, set up a ladder to the open ceiling, and attempted to open the virtual teller with a knife. He was found in the ceiling with a bag containing $218,000 that was missing from the credit union's safe.

The Eighth Circuit has stated that the offense of conviction, 18 U.S.C. § 2113(a), "in simplest form required only that an individual enter a [credit union] with the intent to commit a felony." *Balentine*, 219 F. App'x at 608. The defendant obviously did more than that. And what he did is fairly comparable to other cases in which the Eighth Circuit has held that a two-level enhancement was appropriate. *See Balentine*, 219 F. App'x at 608; *Young*, 272 F.3d at 1055; *see also United States v. Sutherland*, 890 F.2d 1042, 1043 (8th Cir. 1989).

Accordingly, the Court's *tentative* finding is that the two-level enhancement is appropriate, and that the defendant's objection should be overruled. But the Court will make a final determination on that issue at sentencing. The defendant has also moved for a downward variance

---

[2] The defendant hasn't objected to the specific factual findings in the presentence report; rather, he's objected to the conclusion that they support the enhancement. *See* filing 38; filing 40 at 3-4. So, the Court can accept those facts as true for purposes of sentencing. *See Young*, 272 F.3d at 1055.

       based on his personal circumstances and the circumstances of the offense. Filing 40. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 4th day of March, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge